IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENDYL JEAN ELIZABETH TORRES;** | **:** | **Case No. 4:26-bk-02267** |
| **AKA KENDYL TORRES;** | **:** | |
| **AKA KENDYL GUNSALLUS;** | **:** | |
| **AKA KENDYL JEAN ELIZABETH GUNSALLUS;** | **:** | |
| **AKA KENDYL JEAN GUNSALLUS;** | **:** | |
| **AKA KENDYL JEAN TORRES;** | **:** | |
| **AKA KENDYL J. TORRES,** | **:** | |
| **Debtor** | **:** | |
| | **:** | |
| **KENDYL JEAN ELIZABETH TORRES,** | **:** | |
| **Movant** | **:** | |
| | **:** | |
| **CACL FEDERAL CREDIT UNION,** | **:** | |
| **Respondent** | **:** | **CHAPTER 7** |

**CACL FEDERAL CREDIT UNION'S ANSWER / OBJECTIONS TO DEBTOR'S MOTION FOR A RULE 2004 EXAMINATION**

CACL Federal Credit Union hereby answers and objects to the Debtor's Motion for a Rule 2004 Examination as follows:

1. Paragraph 1 constitutes a legal conclusion to which no answer is required. To the extent that an answer is required, it is denied.

2. Admitted. However, by way of further answer, the repossession of the Debtor's vehicle occurred over six (6) months **prior** to her filing bankruptcy, and the Debtor has failed to identify any alleged impropriety or issue with the process. More particularly, CACL Federal Credit Union (**"CACL"**) repossessed the vehicle in early February of 2026. On February 3, 2026, the Debtor was provided with a written notice of the repossession, including the right to reinstate the contract and

redeem/recover possession of the motor vehicle. A true and correct copy of this Notice is attached as Exhibit "A."

The Debtor ignored the Notice. Over sixty (60) days later, on April 9, 2026, the vehicle was sold. An accounting of the proceeds of the sale, noting a deficiency in the amount of $5,162.05, was then transmitted to the Debtor. A true and correct copy of this letter is attached as Exhibit "B." **CACL elected to not pursue the Debtor for the deficiency.**

On August 11, 2026, the Debtor filed for bankruptcy, at which point in time the automatic stay was issued. Shortly thereafter, CACL received notice of the bankruptcy. In response, CACL transmitted two (2) letters regarding the bankruptcy. The first letter, addressed to the Debtor, was dated August 18, 2026 and is attached as Exhibit "C." The second letter, addressed to Carlos Sabatini, Esquire, was dated August 20, 2026 and is attached as Exhibit "D." Further, CACL has not filed a proof of claim in the bankruptcy.

The August 18, 2026 letter is internally referred to by CACL as a "Bankruptcy Acknowledgement Letter." It was simply transmitted to the Debtor "to acknowledge receipt of the Chapter 7 bankruptcy filing associated" with her account, and confirmed that CACL has updated her "account to reflect the bankruptcy status and notified the appropriate internal departments to ensure compliance with bankruptcy requirements, including the automatic stay." Notably, the letter made no demands

upon the Debtor to make any payments, did not allege or claim that any balance was due, and did not even imply that a debt was outstanding. Instead, the letter simply acknowledged that CACL received the bankruptcy filing and confirmed the accuracy of the contact information for her counsel. The corresponding letter addressed to Attorney Sabatini also acknowledged the filing of the Chapter 7 bankruptcy, and provided the Debtor's attorney with the contact information for a CACL representative to whom any inquiries could be addressed. **Furthermore, a copy of the letter which was sent to the Debtor was enclosed with the letter sent to Attorney Sabatini.**

3. Denied. By way of further answer, CACL incorporates by reference its response to Paragraph 2.

4. Admitted in part and denied in part. It is admitted that the Debtor listed a potential claim against CACL, but it is denied that any such claim exists. Furthermore, the Debtor and her counsel have failed to articulate any reason or suspicion as to why they believe such a purported claim exists.

5. Paragraph 5 constitutes a legal conclusion to which no answer is required. To the extent that an answer is required, it is denied.

6. Admitted in part and denied in part. It is admitted that such a request was made. It is denied that producing such documents would be productive. It is further denied that such an examination is necessary. The Debtor and her counsel

have failed to even identify why they suspect a violation, let alone any *indicia* of wrongdoing. Accordingly, the relief requested should be denied.

**WHEREFORE**, CACL Federal Credit Union respectfully requests that the Debtor's Motion for Rule 2004 Examination be denied, and that CACL Federal Credit Union be granted such other relief as this Court deems just and proper.

**<u>OBJECTIONS TO DEBTOR'S MOTION FOR RULE 2004 EXAMINATION</u>**

7. Paragraphs 1 through 6 are incorporated by reference.

8. Parties do not have an absolute right to Rule 2004 examinations.

9. Instead, the granting of a Rule 2004 examination is dependent on the discretion of the Court and requires a balancing of "the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination." <u>In Re: Millennium Lab Holdings II, LLC</u>, 562 B.R. 614, 625 (Bankr. D. Del. 2016).

10. In the instant matter, various legally required notices were sent to the Debtor arising out of the repossession process. As such, the Debtor inevitably has full knowledge of what documents she received. Correspondingly, if the Debtor contends that a notice was not provided, the Debtor could make such a claim without a Rule 2004 examination if she believed that a legally required notice was not sent.

11. Thus, CACL objects, as the discovery being sought is equally available to the Debtor, and as additional copies of such notices are attached to CACL's Answer/Objections.

12. In the instant matter, neither the Debtor nor her counsel have even implied that some violation of law transpired or arising out of the repossession.

13. Further, it is clear that no violation of the automatic stay occurred, as the entire repossession and sale of the subject vehicle was entirely concluded months **before** the Debtor filed for bankruptcy.

14. Additionally, in light of the repossession occurring six (6) months prior to the bankruptcy filing, the Debtor identifies no connection between the repossession and

a. the Debtor's schedules;

b. the Debtor's assets and liabilities;

c. the Trustee's administration of the estate; or

d. any other bankruptcy-related issue.

15. Further, the request is overly broad, vague, and not reasonably particularized, as the Debtor merely seeks an examination to explore unspecified potential violations without identifying:

a. any potential statute purportedly violated;

b. the conduct the Debtor suspects to have caused some unspecified issue; or

c. any other information that would justify a suspicion of a violation.

**WHEREFORE**, CACL Federal Credit Union respectfully requests that the Debtor's Motion for Rule 2004 Examination be denied, and that CACL Federal Credit Union be granted such other relief as this Court deems just and proper.

Respectfully submitted,

**WFJ LAW**

Date: October 2, 2026

By: */s/ J.T. Herber, III*
**J.T. HERBER, III**
ID No. 92866
Ten Westwood Road
Pottsville, PA 17901
570-622-5933
Attorneys for CACL Federal Credit Union

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENDYL JEAN ELIZABETH TORRES, *et al.*** | : | **Case No. 4:26-bk-02267** |
| **Debtor** | : | |
| | : | |
| **KENDYL JEAN ELIZABETH TORRES,** | : | |
| **Movant** | : | |
| | : | |
| **CACL FEDERAL CREDIT UNION,** | : | |
| **Respondent** | : | **CHAPTER 7** |

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Answer to Debtor's Motion for a Rule 2004 Examination was served upon the following parties via First-Class Mail and/or the Court's ECF System as follows:

Carlo Sabatini, Esquire
Sabatini Law Firm, LLC
216 N. Blakely Street
Dunmore, PA 18512
*(Counsel for Debtor)*

John J Martin, Esquire
Law Offices of John J Martin
1022 Court Street
Honesdale, PA 18431
*(Trustee)*

United States Trustee
US Courthouse
1501 N. 6th Street
Harrisburg, PA 17102
(*Asst. U.S. Trustee)*

**WFJ LAW**

Date: October 2, 2026

By: */s/ J.T. Herber, III*
**J.T. HERBER, III**
ID No. 92866
Ten Westwood Road
Pottsville, PA 17901
570-622-5933
Attorneys for CACL Federal Credit Union