United States Bankruptcy Court
Middle District of Pennsylvania

In re: Case No. 26-02267-MJC
Kendyl Jean Elizabeth Torres Chapter 7
Debtor

# CERTIFICATE OF NOTICE

District/off: 0314-4 User: admin 
Date Rcvd: Nov 20, 2026 Form ID: 318 Total Noticed: 10

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 22, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Kendyl Jean Elizabeth Torres, 810 Carroll Rd, Sunbury, PA 17801-6505 |
| 5824947 | + | Affirm, CT Corporation System, 330 N Brand Blvd, Glendale, CA 91203-2308 |
| 5824949 | | CALC FCU, 1800 W Market St, Pottsville, PA 17901-2002 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| acc | + | Email/Text: collections@caclfcu.org | Nov 20 2026 18:47:00 | CACL Federal Credit Union, 1800 West Market Street, Pottsville, PA 17901-2002 |
| 5824948 | | Email/Text: GSBankElectronicBankruptcyNotice@gs.com | Nov 20 2026 18:47:00 | Apple Card/GS Bank USA, Attn: Bankruptcy, PO Box 70379, Philadelphia, PA 19176-0379 |
| 5824950 | + | EDI: CAPITALONE.COM | Nov 20 2026 23:42:00 | Capital One, PO Box 31293, Salt Lake City, UT 84131-0293 |
| 5824951 | | EDI: CAPITALONE.COM | Nov 20 2026 23:42:00 | Capital One Bank USA NA, AttN: Bankruptcy, PO Box 30285, Salt Lake City, UT 84130-0285 |
| 5824952 | | EDI: JPMORGANCHASE | Nov 20 2026 23:42:00 | JPMorgan Chase Bank, Attn: Bankruptcy, 700 Kansas Ln, Monroe, LA 71203-4774 |
| 5824953 | | Email/Text: bankruptcy@self.inc | Nov 20 2026 18:47:00 | Self Financial/Lead Bank, Attn: Bankruptcy, PO Box 11, Southlake, TX 76092-0011 |
| 5824954 | + | Email/Text: UpStart@ebn.phinsolutions.com | Nov 20 2026 18:47:00 | Upstart Network Inc., 2950 South Delaware St., San Mateo, CA 94403-2580 |

TOTAL: 7

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 22, 2026 Signature: /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 20, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Carlo Sabatini | on behalf of Debtor 1 Kendyl Jean Elizabeth Torres usbkct@bankruptcypa.com kecf@bankruptcypa.com;ivms@bankruptcypa.com;necf@bankruptcypa.com;sabecf@gmail.com;secf@bankruptcypa.com;sabatini.carlob107053@notify-prod.bestcase.com;ashley.bankruptcypa.com@recap.email |
| J.T. Herber, III | on behalf of Accountant CACL Federal Credit Union jherber@wfjlaw.net mmiller@wfjlaw.net;gdeitch@wfjlaw.net |
| John J Martin | pa36@ecfcbis.com jmartin@martin-law.net;kmartin@martin-law.net |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

TOTAL: 4

**Information to identify the case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Kendyl Jean Elizabeth Torres<br>First Name Middle Name Last Name | Social Security number or ITIN | xxx–xx–3147 |
| | | EIN | _ _–_ _ _ _ _ _ _ |
| Debtor 2<br>(Spouse, if filing) | First Name Middle Name Last Name | Social Security number or ITIN | _ _ _ _ |
| | | EIN | _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | Middle District of Pennsylvania | | |
| Case number: | 4:26–bk–02267–MJC | | |

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Kendyl Jean Elizabeth Torres
aka Kendyl J Torres, aka Kendyl Torres, aka Kendyl Jean Gunsallus, aka Kendyl Jean Elizabeth Gunsallus, aka Kendyl Jean Torres, aka Kendyl Gunsallus

11/20/26

**By the court:**

Mark J. Conway, United States Bankruptcy Judge

## Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

### Creditors cannot collect discharged debts

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

### Most debts are discharged

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;
- debts for most student loans;
- debts for most taxes;
- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;
- debts for most fines, penalties, forfeitures, or criminal restitution obligations;
- some debts which the debtors did not properly list;
- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and
- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**